**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

ELOY TRUJILLO,

    Plaintiff(s),

v.

JP MORGAN CHASE BANK, N.A. aka
CHASE BANK USA, N.A. aka J.P. MORGAN
CHASE NATIONAL CORPORATE
SERVICES, INC, EQUIFAX
INFORMATION SERVICES LLC, and
EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendant(s).

_____

**COMPLAINT**
_____

    **COMES NOW** Plaintiff, ELOY TRUJILLO, ("Plaintiff"), by and through counsel undersigned, and for its cause of action against the Defendants above-named alleges as follows:

    1.    Plaintiff is, and was at all times hereinafter mentioned, a resident of Denver County, Colorado.

    2.    On information and belief, Defendant, JP MORGAN CHASE BANK, N.A. aka CHASE BANK USA, N.A. aka J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC. ("CHASE"), is, and at all times relevant hereto was, a corporation registered with the Colorado Secretary of State as a Foreign Corporation doing business in Colorado and has designated the following registered statutory agent: CT CORPORATION SYSTEM, 7700 East Arapahoe Road Suite 220, Centennial, Colorado 80112-1268.

3. On information and belief, Defendant CHASE is, and at all times relevant hereto was, regularly doing business in the State of Colorado.

4. On information and belief, Defendant, EQUIFAX INFORMATION SERVICES LLC, ("EQUIFAX"), is a credit reporting agency, as defined by 15 U.S.C. § 1681a(f), licensed to do business in Colorado and has designated the following registered statutory agent: CORPORATION SERVICE COMPANY, 1560 Broadway Suite 2090, Denver, Colorado 80202.

5. On information and belief, Defendant EQUIFAX is, and at all times relevant hereto was, regularly doing business in the State of Colorado.

6. On information and belief, Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN") is a credit reporting agency, as defined by 15 U.S.C. § 1681a(f), licensed to do business in Colorado and has designated the following registered statutory agent: CT CORPORATION SYSTEM, 7700 East Arapahoe Road Suite 220, Centennial, Colorado 80112-1268.

7. On information and belief, Defendant EXPERIAN is, and at all times relevant hereto was, regularly doing business in the State of Colorado.

8. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA") and that personal jurisdiction exists over Defendants as they had the necessary minimum contacts with the State of Colorado.

9. Plaintiff is a consumer and victim of inaccurate reporting by Defendants, and has suffered particularized and concrete harm.

10. On August 31, 2015, Defendant CHASE issued a Form 1099-C, "Cancellation of Debt", for Plaintiff's Chase credit card account ending in 6325-0326 "Account").

11. The Form 1099-C canceled the principal balance owed, excluding interest and fees.

12. The Identifiable Event Code on the Form 1099-C is marked "G".

13. Code "G" on a 1099-C represents that the creditor has made a decision or policy to discontinue collection of the debt and cancel the debt.

14. Subsequently, Defendant submitted a tax Form 1099-C to the Internal Revenue Service ("IRS") for the cancellation of debt amount of the debt owed to Defendant.

15. As a result, Plaintiff was obligated to pay taxes on the cancelled debt.

16. Defendant CHASE still reported a balance on the Account, inclusive of interest and fees, on Plaintiff's credit reports.

17. That Defendants EQUIFAX and EXPERIAN (hereinafter collectively referred to as the "Defendant CRAs") are willfully reporting derogatory and inaccurate information about Plaintiff to third-parties.

18. On March 27, 2017, Plaintiff sent written dispute letters, with supportive documentation, to the Defendant CRAs, consumer reporting agencies as defined in 15 U.S.C. §1681a, regarding the accuracy of the derogatory information reported by the Defendant CRAs.

19. Upon information and belief, Defendant CRAs forwarded at least a portion of Plaintiff's dispute to Defendant CHASE regarding the Account.

20. Upon information and belief, CHASE received notification of Plaintiff's written dispute from Defendant CRAs.

21. On or about April 19, 2017, Defendant, EQUIFAX, responded to Plaintiff's written on the Account "("EQ Dispute Response").

22. The EQ Dispute Response stated that CHASE "verified to OUR company that the balance is being reported correctly. Additional information has been provided from the original source regarding this item"

23. The Dispute Response did not remove the erroneous balance information that was identified in Plaintiff's written dispute letter on the Account.

3

24. On or about April 18, 2017, Defendant, EXPEIRAN, responded to Plaintiff's written dispute letter on the Account ("EX Dispute Response").

25. The EX Dispute Response stated "Updated – The item you disputed has been updated, which may include an update to the dispute information. Please review your report for the details"

26. The Dispute Response did not remove the erroneous balance information that was identified in Plaintiff's written dispute letter on the Account.

27. Defendant CHASE willfully failed to correct the inaccurate reporting of the Account to the Defendant CRAs in violation of 15 U.S.C. § 1681s-2 and to the detriment of the consumer Plaintiff.

28. The Defendant CRAs failed to correct the inaccurate reporting of the Account in violation of 15 U.S.C. § 1681i and to the detriment of the consumer Plaintiff.

29. Defendant CHASE is willfully reporting derogatory and inaccurate information about Plaintiff to the consumer reporting agencies, the Defendant CRAs, as defined by 15 U.S.C. § 1681a.

30. The Defendant CRAs willfully failed to maintain reasonable procedures to assure maximum accuracy of the information contained in Plaintiff's credit report in violation of 15 U.S.C. § 1681e.

31. The foregoing acts and omissions of the Defendants CHASE, EQUIFAX and EXPERIAN constitute unacceptable violations of the FCRA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against the Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks his statutory remedies as defined by 15 U.S.C. § 1681n and demands:

1. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

2. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

3. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

4. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted,

MCCARTHY LAW, PLC

_s/ Ashley Tuchman_
Ashley Tuchman
MCCARTHY LAW, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
Email: ashley.tuchman@mccarthylawyer.com
Attorney for Plaintiff